UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADIHA MINER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT ATTORNEY'S OFFICE, PROSECUTORS OF WASHINGTON STATE,<br><br>　　　　　Defendants. | No. 2:19-cv-1718-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

　　　　Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff has also moved for summary judgment. ECF No. 3. Because the first amended

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3 fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8 relief above the speculative level on the assumption that all of the complaint's allegations are
9 true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    Under this standard, the court must accept as true the allegations of the complaint in
13 question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16 requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
17 complaint to include "a short and plain statement of the claim showing that the pleader is entitled
18 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19 which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20    Plaintiff brings this action against then King County Prosecuting Attorney's Office,
21 located in Seattle Washington. ECF No. 6. The first amended complaint[3], which consists of a
22 single paragraph, alleges that defendant has violated plaintiff's right to privacy and subjected her
23 to discrimination and harassment. *Id*. Plaintiff further alleges that defendant has withheld her
24 mail and her family member' birth certificates and "death certificates for their Native American
25 Benefits including ID for memberships." *Id*. She also claims that she has expressed her right to

---

complaint must be dismissed, that motion is moot.

  [3] Plaintiff amended her complaint as a matter of course before the court had an opportunity to screen the original complaint. *See* Fed. R. Civ. P. 15(a)(1).

2

be free from discrimination under the First, Thirteenth, and Fourteenth Amendments of the United States Constitution and the Civil Rights Act of 1964. *Id*.

Plaintiff's allegations are too vague and conclusory to state a claim upon which relief may be granted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id*. The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff's conclusory statement that defendant has withheld certain documents fails to provide defendant with sufficient notice of the factual basis of her claims.

Plaintiff's reference to the First, Thirteenth, and Fourteenth Amendments suggests that she is attempting to allege a claim under 42 U.S.C. § 1983. To state a claim for violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A municipal entity or its departments (such as a county or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat

3

superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Plaintiff not only fails to allege facts demonstrating a violation of her constitutional rights, she also fails to allege that her rights were violated pursuant to a policy or custom. Accordingly, she fails to state a claim under § 1983.

The amended complaint's allegations are also insufficient to state a claim under the Civil Rights Act of 1964. In addition to failing to identify the specific provision defendant allegedly violated, plaintiff fails to allege any facts demonstrating that she was subjected to discrimination on account of race, color, or national origin. *See* 42 U.S.C. §§ 2000d and 2000e-2.

Accordingly, plaintiff's first amended complaint must be dismissed for failure to state a claim. Plaintiff will be granted leave to file an amended complaint. An amended complaint allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once

4

plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 3) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE